IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Brown's Auto Sales, RVs, and Campers, Inc., | ) ) ) Civil Action No.: 4:12-cv-02334-RBH |
| Plaintiff, | ) ) ) |
| v. | ) ) **ORDER OF REMAND** |
| Carl Spevey, Melveee Spevey, and North Carolina Grange Mutual Insurance Company, | ) ) ) ) |
| Defendants. | ) ) |

Under 28 U.S.C. § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal statutes are strictly construed against removal, and any doubts concerning the propriety of removal must be resolved in favor of retained state court jurisdiction. *Marshall v. Manville Sales Corp.,* 6 F.3d 229, 232 (4th Cir. 1993). In addition, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In Re Blackwater Security Consulting, LLC,* 460 F.3d 576, 583 (4th Cir. 2006) (citation omitted). This includes establishing compliance with the removal statute requirements. *See Marler v. Amoco Oil Co.,* 793 F. Supp. 656, 658-59 (E.D.N.C. 1992). Courts must narrowly interpret removal jurisdiction because of the significant federalism concerns that are raised by removing proceedings from state court. *Id.* Thus, all doubts are resolved in favor of remand. *See Shamrock Oil & Gas*

*Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *see also Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994).

In the instant matter, Defendants removed this case from the South Carolina Court of Common Pleas for Marion County pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants based federal jurisdiction on diversity jurisdiction pursuant to §1332. However, Plaintiff did not specify any monetary amount of damages or clearly allege the jurisdictional amount in the Complaint, and Defendants' notice of removal failed to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount.

Because the amount in controversy was unclear and this Court may have lacked diversity jurisdiction, the Court entered an Order instructing Defendants to brief the Court and show cause why this case should not be remanded to the State court for the foregoing reasons. The Court also instructed Plaintiff to file a response not later than five calendar days thereafter including a clarification as to whether Plaintiff intended to pursue, at the time of filing the original complaint, damages in excess of the jurisdictional amount of $75,000. *See JTH Tax, Inc. v. Frashier,* 624 F.3d 635, 638 (4th Cir. 2010) ("[T]he 'sum claimed by the plaintiff controls' the amount in controversy determination." (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288 (1938))); *Wiggins v. N. Am. Equitable Life Assurance Co.,* 644 F.2d 1014, 1017 (4th Cir. 1981) ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."). The Court stated that "[i]f Plaintiff did not intend to pursue damages adequate to satisfy the jurisdictional threshold at the time of filing and if Plaintiff stipulates to such limitation having a binding effect, the Court will remand this matter to state court." [Doc. # 4].

On August 21, 2012, Plaintiff, with the consent of Defendants, "irrevocably stipulate[d] that the amount in controversy in this matter was, at the time of filing this suit in the Court of Common Pleas for Chesterfield County, South Carolina, limited to no more than Seventy Four Thousand Nine Hundred Ninety-Nine Dollars ($74,999.00)." [Doc. # 8.] Plaintiff further stipulated that "they will at no time move to amend the complaint to seek an amount in excess of $74,999.00, and shall not otherwise ask for damages in excess of that amount." *Id.*

## Conclusion

Based on the foregoing, this case is hereby **REMANDED** to the South Carolina Court of Common Pleas for Chesterfield County, South Carolina. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas, Chesterfield County, South Carolina.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 22, 2012